IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCISCO PENA, #89166-079, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0338-K |
| | ) | |
| DAVID BERKEBILE, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

<u>FINDINGS AND CONCLUSIONS</u>:

Petitioner, appearing *pro se*, filed a petition for writ of habeas corpus challenging regulations promulgated by the Bureau of Prisons (BOP) that categorically limit the placement of statutorily eligible inmates in home confinement or a halfway house or Community Corrections Center (CCC) to those inmates who are serving the final 10% of their term of imprisonment, not to exceed six months. Petitioner challenges 28 C.F.R. §§ 570.20 and 570.21 (the 2005 regulations) and Program Statements (PS) 7320.01 and 7310.04 concerning such placement. (*Id.*). He also challenges a de facto policy that precludes direct placement into home confinement. (*Id.* at 9-11). He argues that Respondent is collaterally estopped from re-litigating issues that were decided against respondent in *Mihailovich v. Berkebile*, No. 3:06CV1603-N, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007) (accepting findings and recommendation of Mag. J.). (Pet. at 7-8). He further claims that Respondent has violated his right to equal protection by

treating him differently than the petitioner in *Mihailovich* and by categorically denying him consideration for home confinement when individuals who are already housed in a CCC are given such consideration. (*Id.* at 11-13 and n. 1).

After Respondent filed his response and motion to dismiss, Congress passed the Second Chance Act of 2007, Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692 (Apr. 9, 2008), which amends 18 U.S.C. § 3624(c) to increase placement in a CCC to 12 months, and requires the BOP to make placement decisions on an individual basis consistent with the criteria set forth in 18 U.S.C. § 3621(b).

Petitioner's claim in this case -- which alleges that the BOP has categorically denied him placement in a halfway house or CCC -- appears moot. The court invited Petitioner to address the mootness issue in a written response, but he failed to do so. *See* July 29, 2008 Order. The court now considers the threshold jurisdictional issue without the benefit of a response. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.' " *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen,* 857 F.2d 267, 270 (5th Cir. 1988). Furthermore, when a challenged regulation has been superceded by a new regulation, "the issue of validity of the old

2

regulation is moot, for this case has 'lost its character as a present, live controversy of the kind that must exit if we are to avoid advisory opinions on abstract questions of law." *Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam)).

Since the passage of the Second Chance Act, several courts in this district have held that the enactment of the Second Change Act renders moot a petitioner's halfway house claim under the 2005 regulations, 28 C.F.R. §§ 570.20, 570.21, and PS7310.04. *See Combs v. Berkebile*, 2008 WL 2764976, No. 3:08cv0029-G, (N.D. Tex. Jul. 16, 2008); *John v. Berkebile*, 2008 WL 2531430, No. 3:08cv0267-L (N.D. Tex. Jun. 23, 2008); *Ryno v. Berkebile*, 2008 WL 2717181, No. 3:08cv0277-G (N.D. Tex. Jul. 10, 2008); *Singh v. Berkebile*, 2008 WL 2780967, No. 3:07cv2030-B (N.D. Tex. Jul. 14, 2008).

The BOP no longer follows the 2005 regulations or the relevant provisions of the program statement which Petitioner initially challenged in this case. "The Second Chance Act has changed the legal landscape in such a manner as to render moot Petitioner's challenges" with respect to his in this case. *Combs*, 2008 WL 2764976, at *2. Accordingly, Petitioner's halfway house claim should be dismissed for want of jurisdiction the same being moot.

With respect to the home confinement claims, Petitioner is not entitled to habeas relief. Several courts have held that home confinement is not a "place of imprisonment" and, therefore, does not implicate 18 U.S.C. § 3621(b). *See Grote v. Berkebile*, No. 3:07cv0863-B, 2007 WL 4302933, at *7 (N.D. Tex. Dec. 5, 2007) (accepting findings of Mag. J.). Consequently there is no basis for invalidating PS 7320.01 or the de facto policy which requires placement in a CCC before placement on home confinement. *Combs v. Berkebile*, 2008 WL 2764976, No.

3

3:08cv0029-G, (N.D. Tex. Jul. 16, 2008) (accepting findings of Mag. J.); *John v. Berkebile*, 2008 WL 2531430, No. 3:08cv0267-L (N.D. Tex. Jun. 23, 2008) (accepting findings of Mag. J.). Moreover, Petitioner cannot state a viable equal protection claim. *See Combs*, No. 3:08cv0029-G, 2008 WL 2764976 (for applicable standard). Petitioner has not alleged, much less shown, that he has been denied placement in a halfway house or on home confinement due to purposeful discrimination or any impermissible motive. *Id.*

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED for want of jurisdiction moot insofar as Petitioner seeks to invalidate 28 C.F.R. §§ 570.20 and 570.21 and PS 7310.04. The petition should otherwise be DENIED.

A copy of this recommendation will be transmitted to Petitioner and counsel for Respondents.

Signed this 4th day of September, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds

4

of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.